984 P.2d 1272

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Richard GONSALES, Defendant–Appellant.**

**No. 22009.**

Intermediate Court of Appeals of Hawai'i.

July 23, 1999.

---

Peter Van Name Esser and Blake T. Oki-moto, on the briefs, for defendant-appellant.

Alexa D.M. Fujise, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

BURNS, C.J., WATANABE, and ACOBA, JJ.

PER CURIAM.

Defendant–Appellant Richard Gonsales (Defendant) appeals from the October 9, 1998 decision of the family court of the first circuit (the court) adjudging Defendant guilty of one count of abuse of a family or household member pursuant to Hawai'i Revised Statutes (HRS) § 709–906 (Supp.1998).

Defendant points out that the court did not enter findings of fact (findings) or conclusions of law (conclusions) pursuant to Hawai'i Family Court Rules (HFCR) Rule 52(a). However, he does not seek remand for their entry based on his reading of *Hussey v. Hussey*, 77 Hawai'i 202, 881 P.2d 1270 (App. 1994). Similarly, Plaintiff–Appellee State of Hawai'i (the State), relying on *Hussey* and *State v. Tomas*, 84 Hawai'i 253, 933 P.2d 90 (App.1997), contends that we may dispense with the requirements of HFCR 52(a) where " 'the record is clear and such findings are unnecessary to a determination of the issues on appeal.' " (Quoting *id.* at 257, 933 P.2d at 94.)

Further, Defendant calls our attention to the fact that "[t]he court ordered the State to file proposed findings … and conclusions … but it did not do so." The State "concedes that it did not file written findings … or conclusions[.]"

## I.

### A.

Defendant states in his reply brief, "While juries can thumbs-up or thumbs-down a verdict without comment, HFCR Rule 52 requires judges to explain their rulings, especially after filing a notice of appeal." In this regard, HFCR Rule 52 provides, in pertinent part:

> **Rule 52. Findings by the court** (a) Effect. In all actions tried in the family court, the court may find the facts and state its conclusions of law thereon or may announce or write and file its decision or "decision order" and direct the entry of or enter the appropriate decree or order; *except upon notice of appeal filed with the court, the court shall enter its findings of fact and conclusions of law where none has been entered, unless the written decision or "decision and order" of the court contains findings of fact and conclusions of law.*

(Emphasis added.)

This court has previously concluded that while the family court erred when it failed to enter findings and conclusions as required by HFCR Rule 52(a), " '[t]he appellate court will determine the appeal without more if the record sufficiently informs it of the basis of [the district court's] decision of the material issues[.]' " *Hussey*, 77 Hawai'i at 206, 881 P.2d at 1274 (quoting 9 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2577 (1971) (bracketed material in original) (footnotes omitted)) (citing *Burgess v. Arita*, 5 Haw.App. 581, 594, 704 P.2d 930, 939, *reconsideration denied*, 5 Haw.App. 682, 753 P.2d 253 (1985)). *Burgess* applied Hawai'i Rules of Civil Procedure (HRCP) Rule 52(a) and held that "where it is plain to the appellate court that the record clearly reflects what the finding may be, the court may elect to decide the appeal without further findings." 5 Haw.App. at 593–94, 704 P.2d at 939.

Likewise, in *Tomas*, we noted the similarity between HRCP Rule 52(a) and HFCR Rule 52(a) and looked to cases construing HRCP Rule 52(a) for guidance. We said that "[w]hile HRCP Rule 52(a) should be strictly followed, findings … by the circuit court are not jurisdictional and the appellate court may proceed where the record is clear and findings are unnecessary." 84 Hawai'i at 256, 933 P.2d at 93 (citing *Richards v. Kailua Auto Mach. Serv.*, 10 Haw.App. 613, 621, 880

P.2d 1233, 1238 (1994)). Thus, in *Tomas,* we "waived" the family court findings under HFCR Rule 52(a), because from the record provided, we were able to determine the appeal without written findings. *Id.*

## B.

We re-examine the question of whether the obligatory language of HFCR Rule 52(a) requires the family court, in the absence of a prior written decision, to prepare findings and conclusions once an appeal is filed.

### 1.

According to *Black's Law Dictionary* 1233 (5th ed.1979), "shall," "[a]s used in statutes, contracts, or the like, ... is generally imperative or mandatory. In common or ordinary parlance, and in its ordinary significance, the term 'shall' is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation[.]" *Cf. State v. Chen,* 77 Hawai'i 329, 337, 884 P.2d 392, 400 (App.), *cert. denied,* 77 Hawai'i 489, 889 P.2d 66 (1994) (holding that legal and lay dictionaries are extrinsic aids which may be helpful in discerning the meaning of statutory terms). Thus, in construing HFCR Rule 52(a), this court has held that "in cases where a notice of appeal has been filed, the family court *must* enter findings ... and conclusions ... unless it entered a written decision which contains them[.]" *Mark v. Mark,* 9 Haw.App. 184, 192, 828 P.2d 1291, 1296 (1992) (emphasis added).

### 2.

Both *Hussey* and *Tomas* analogized HFCR Rule 52(a) to HRCP Rule 52(a). HRCP Rule 52(a) provides, in pertinent part, as follows:

> In all actions tried upon the facts without jury ... the court shall find the facts specially and state separately its conclusions of law thereon.... Requests for findings are not necessary for purposes of review.... If an opinion or memorandum of decision is filed, it will be sufficient if the findings ... and conclusions ... appear therein.

The Supreme Court of the Territory of Hawai'i had held that "compliance with the requirement of [HRCP] Rule 52(a) with regard to findings ... is not a jurisdictional requirement of appeal." *Lalakea v. Baker,* 43 Haw. 321, 329 (1959) (citing *Tugaeff v. Tugaeff,* 42 Haw. 455, 468 (1958)). In *Lima v. Tomasa,* 42 Haw. 478 (1958), the territorial supreme court, "adopt[ing]" the language of a federal case interpreting Federal Rules of Civil Procedure (FRCP) Rule 52(a), explained the rule as follows:

> This court may vacate a judgment and remand the case for further findings if the findings are not sufficiently definite for a clear understanding of the basis of the decision. But reversal and remand are unnecessary if the decision contains an adequate discussion of the major factual issues, which leaves no doubt as to the facts upon which the trial court based its decision.

*Id.* at 480 (citing *Huszar v. Cincinnati Chemical Works, Inc.,* 172 F.2d 6 (1949)).

In consonance with the foregoing decisions, we believe that the direction to make findings and conclusions as set forth in HFCR Rule 52(a) is not a "jurisdictional" requirement, and where that rule is involved, we can retain jurisdiction and temporarily remand the case for the purpose of having the record supplemented in accordance with HFCR Rule 52(a).

In our view, HFCR Rule 52(a) evinces a somewhat different approach than that of HRCP Rule 52(a). HFCR Rule 52(a) does not impose the obligation to make any findings or conclusions prior to an appeal. Once an appeal is filed, however, a family court's obligation to enter findings and conclusions is triggered. Such findings and conclusions, then, were intended to be made a part of every appellate record. Accordingly, we overrule *Hussey* and *Tomas* insofar as they indicate otherwise.

We observe, additionally, that the findings and conclusions called for need only be rendered in the absence of a "written decision or 'decision and order' ... contain[ing] findings ... and conclusions...." HFCR Rule 52(a). Since such findings and conclusions are entered in lieu of a *"written* decision or 'deci-

sion and order[,]'" it is evident that the findings and conclusions must be written ones. *Id.* (emphasis added).

■ We therefore conclude that, upon the filing of an appeal, the family court is mandated, where HFCR Rule 52(a) is applicable, to enter written findings and conclusions, unless they were previously set forth in a written decision or decision and order.

## II.

■ However, we believe that HFCR Rule 81(c), and not HFCR Rule 52, controls in this case. While the parties argue HFCR Rule 52, they do not refer us to HFCR Rule 81(c). HFCR Rule 81(c) states that "[c]ases for adults charged with commission of a crime coming within the jurisdiction of the family courts shall be governed by the Hawai'i Rules of Penal Procedure [ (HRPP) ]." Since this case appears to fall within HFCR Rule 81(c), the HRPP govern. In that regard, HRPP Rule 23(c) ostensibly applies.[1] HRPP Rule 23(c) states the following:

**Trial Without a Jury.** In a case tried without a jury the court shall make a general finding and shall in addition, on request made at the time of the general finding, find such facts specially as are requested by the parties. Such special findings may be orally in open court or in writing at any time prior to sentence.

## III.

While HRPP Rule 23(c) gave the court the option of rendering findings orally, the court also directed that the findings be made in writing. At the close of trial, the defense attorney requested written findings and conclusions be entered by the court in anticipation of filing an appeal:

[DEFENSE ATTORNEY]: Your Honor, at this time I would like to request—if we do file an appeal, that we have findings ... and conclusions[.]

THE COURT: Okay.

I read my findings—I verbally made my findings on the record.[2] *If you want written findings, by all means*—who prepares those, the court prepares those or the State?

[DEFENSE ATTORNEY]: No. I think the State would prepare it....

THE COURT: *State does. Okay. ...* [Deputy Prosecuting Attorney (the prosecutor),] *I'm going to prevail upon you*—if you don't mind—*to prepare written findings of fact with regard to the conviction in this case. ...*

. . . .

[DEFENSE ATTORNEY]: If there is an appeal, then I ... would definitely ... by notice of the appeal inform [the prosecutor]. And then I think at that ... point we would need findings of fact.

[PROSECUTING ATTORNEY]: Yeah. Okay. That's fine [Y]our Honor.

THE COURT: I think that's the—proper procedure. You have to perfect your appeal, your notice first.

[DEFENSE ATTORNEY]: Yes, [Y]our Honor.

THE COURT: Then they prepare findings of fact—and prepare the—the record, transmit the record up to the Supreme Court[.]

[PROSECUTING ATTORNEY]: Okay. Thank you, [Y]our Honor.

THE COURT: Okay.

[DEFENSE ATTORNEY]: Thank you, [Y]our Honor.

THE COURT: Thank you.

(Emphases added.)

■ There is no indication in the record that the requested findings and conclusions were submitted. Counsel should not take lightly the court's directive to prepare written findings and conclusions. While Defendant has been sentenced, we do not believe, under these circumstances, that written findings and conclusions are dispensable. If the prosecutor did not comply with the court's

---

1. For the same reason, we overrule *State v. Tomas*, 84 Hawai'i 253, 933 P.2d 90 (App.1997), to the extent it conflicts with Hawai'i Family Court Rules Rule 81(c).

2. On appeal, Defendant–Appellant Richard Gonsales claims the court's oral findings of fact were insufficient.

order as agreed to, appropriate sanctions should be imposed on remand for the failure to do so.

For the foregoing reasons, we remand this case to the court for entry of findings and conclusions. The Clerk of the Supreme Court shall forthwith transmit to the court the files and transcripts previously docketed under this appeal. The court shall, within ten (10) days after the date of this opinion, enter its written findings and conclusions. The Clerk of the First Circuit Court shall retransmit the record, together with the supplemental record, within ten (10) days of the entry of the court's findings and conclusions. Any party may file a supplemental brief not exceeding five pages in total within ten days after the Clerk of the Supreme Court receives the supplemental record from the Clerk of the First Circuit Court. For all other purposes, jurisdiction of this appeal is retained in this court.