DONNA EDWARDS MIZUKAMI, nka DONNA EDWARDS, Plaintiff-Appellee,
v.
GLENN KIYOHIKO MIZUKAMI Defendant-Appellant.
No. 28522
Intermediate Court of Appeals of Hawaii.
April 30, 2009.
On the briefs:
Glenn Kiyohiko Mizukami, Defendant-Appellant, pro se.
Thomas D. Collins, III for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Watanabe, and Fujise, JJ.)
Defendant-Appellant Glenn Kiyohiko Mizukami (Mizukami or Defendant) appeals from the following decisions entered by the Family Court of the First Circuit[1] (family court): (1) the March 15, 2007 "Order Re: Defendant's Counter-Motion for Summary Judgment on Plaintiff's Motion for Attorney's Fees Filed September 18, 2006" (March 15, 2007 Order Mooting Counter-Motion); (2) the March 30, 2007 "Order Re: Motion for Ruling Granting Summary Judgment on Motion for Attorney Fees From Hearing October 12, 2006" (March 30, 2007 Order Mooting Motion for Ruling); and (3) the denial of Mizukami's March 21, 2007 "Motion and Affidavit for Reconsideration of Order Mooting Defendant's Counter-Motion for Summary Judgment on Plaintiff's Denied-Motion for Attorney Fees Entered March 15, 2007; Filed March 19, 2007" (motion for reconsideration).[2]
In the underlying proceeding, the family court denied the motion for attorney's fees filed by Plaintiff-Appellee Donna Edwards Mizukami, now known as Donna Edwards (Edwards) and therefore dismissed, as moot, Mizukami's counter-motion for summary judgment and his motion for ruling granting summary judgment.
Mizukami advances the following points of error:
(1) The family court "improperly ruled in a separate Order 3/15/07... that [Mizukami's] Counter-Motion For Summary Judgment `is moot' solely on basis of [the family court's] 'denial of [Edwards'] Motion for Attorney Fees'" and the "appealed-order `mooting' [Mizukami's] 9/26/06 Counter-Motion For Summary Judgment... is unsupported by any of the facts, rules & law applicable, and constitutes abuse of authority & discretion" (emphasis in original);
(2) The family court "also ruled by Order 3/30/07... that [Mizukami's] 3/21/07 Motion & Affidavit For Reconsideration... `is moot' on bases of [the family court's] 'orders entered March 15, 2007' effectively finally denying [Mizukami's] said Counter-Motion For Summary Judgment,... constituting abuse of authority & discretion" (emphasis in original); and
(3) "Even though requested to make and enter [findings of fact and conclusions of law] supportive of said Orders... the [family court] has to date failed to do so in direct violations [sic] of Hawai'i Rules of Courts [sic], and has effectively thus defaulted such mandatory support rendering said orders unsupported by any facts, rules or law[,]" thereby "imposing manifest injustice to this appeal, and unlawfully thus denying [Mizukami's] substantive rights of Due Process & Equal Protection of the Laws secured under the Hawai'i and U.S. Constitutions, and fully warranting the instant appeal be sustained solely on such default in the first instance."
Upon a careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we disagree with Mizukami and resolve his points of error as follows:

A.
The family court did nor err in dismissing Mizukami's counter-motion for summary judgment as moot because the family court previously granted Mizukami's requested relief by denying Edwards' motion for attorney's fees. See Lathrop v. Sakatani, 111 Hawai'i 307, 312, 141 P.3d 480, 485 (2006) (holding that Hawai'i courts will not "give opinions upon moot questions or abstract propositions, or... declare principles or rules of law which cannot affect the matter in issue in the case before it... and have no jurisdiction to do so") .
Although the counter-motion for summary judgment also requested payment of "reasonable expenses incurred [,]" Mizukami has not provided any authority that would entitle a pro se party to be compensated for his or her personal services. See Kay v. Ehrler, 499 U.S. 432, 435 (1991) (stating that "a pro se litigant who is not a lawyer is not entitled to attorney's fees").

B.
The family court did not abuse its discretion in denying reconsideration. Here, Mizukami's motion for reconsideration essentially repeated his earlier arguments requesting that the family court grant his counter-motion for summary judgment and award pro se expenses. See Tagupa v. Tacrupa, 108 Hawai'i 459, 465, 121 P.3d 924, 930 (App. 2005) ("Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.")

C.
Mizukami was not prejudiced by the absence of findings of fact and conclusions of law in the record on appeal. The family court's various written orders plainly set forth its factual and legal rationale. See State v. Gonsales, 91 Hawai'i 446, 449, 984 P.2d 1272, 1275 (App. 1999) (per curiam) ("[U]pon the filing of an appeal, the family court is mandated, where [Hawai'i Family Court Rules] Rule 52(a) is applicable, to enter written-findings and conclusions, unless they were previously set forth in a written decision or decision and order.").
Therefore, the March 15, 2007 Order Mooting Counter-Motion, the March 30, 2007 Order Mooting Motion for Ruling, and the denial of Mizukami's motion for reconsideration are hereby affirmed.
NOTES
[1] The Honorable Christine E. Kuriyama presided.
[2] The record does not contain a written disposition of Mizukami's motion for reconsideration and therefore it was deemed denied ninety days later on June 19, 2007. Hawai'i Rules of Appellate Procedure Rule 4 (a) (3) .