LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29482

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RODNEY MALCOM FELTS, Plaintiff-Appellant,
v.
CANDIDA ABRIL FELTS, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 06-1-242K)

2010 JUL 15 AM 8: 05 FILED

JEAN R. KIKUMOTO CLERK, APPELLATE COURTS STATE OF HAWAI'I

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiff-Appellant Rodney Malcolm Felts (Husband) appeals from the Divorce Decree filed on October 30, 2008, as amended on November 21, 2008, in the Family Court of the Third Circuit[1] (family court).

On appeal, Husband contends:

(1)  The family court erred by awarding Defendant-Appellee Candida Abril Felts (Wife) the Kona Paradise marital residence located on Boki St., Captain Cook, Hawai'i (the marital residence), which had been purchased prior to Husband and Wife's marriage by Husband and paid for with Husband's funds.  The family court erred by finding that the marital residence had been gifted or transmuted into marital partnership property merely because Wife had signed a mortgage.  In connection therewith, Husband contends Findings of Fact (FOFs) 15 and 16, as set forth in the Divorce Decree, are erroneous.

(2)  The family court's finding and conclusion that it could "deviate" from the Partnership Model Division and award the

---

[1]  The Honorable Aley K. Auna, Jr. presided.

marital residence to Wife was based on improper considerations of Husband's alleged discovery abuse, misuse of funds, and lack of accounting.  This may have justified an "equalization" or adjustment, but not an award of Husband's separate property to Wife.  In connection therewith, Husband contends FOFs 16, 42, and 43 are erroneous and Conclusions of Law (COLs) 1, 2, and 5 are wrong.

(3)  The family court erred by finding that the proceeds from the Blagg/Felts Family Partnership, Ltd. (Family Partnership) to Husband was "income" and divisible marital property.  In connection therewith, Husband contends FOFs 19, 20, 21, 29, 30, 40, and 41 are erroneous.

## I.  BACKGROUND

Husband and Wife married on August 7, 1997.  They had been a couple since 1980.  In 1994, Husband purchased the marital residence.  Husband and Wife signed a mortgage agreement on April 29, 2002.  They lived in the marital residence until their separation in 2006.

Husband owned five acres of real property in the Haleʻili Subdivision, on which he intended to build a second home.

Prior to the marriage, Husband acquired an interest in the Family Partnership, and this interest continued during the marriage until the partnership was dissolved in 2003.  Husband was a co-general partner and acted as the broker-in-charge of the account.  Husband received income for his services.

Husband also profited from buying and selling real estate in Hawaiʻi during the marriage.

Husband filed a complaint for divorce on September 26, 2006.  Wife answered Husband's complaint and moved for an order granting temporary relief, which included exclusive possession of the marital residence during divorce proceedings.  The family court granted Wife's motion for temporary relief, and Husband

2

vacated the home and traveled to Thailand where he spent "quite a bit" of money.

On December 13, 2006, Wife served a first request for answers to interrogatories and production of documents on Husband. Wife thereafter sought an order from the family court compelling Husband to provide complete answers to the interrogatories and produce complete documents. Husband opposed Wife's motion. On November 20, 2007, the family court granted Wife's motion and ordered Husband to pay Wife's attorney's fees and costs associated with bringing the motion.

On March 25, 2008, Wife filed a Motion for Partial Summary Judgment, arguing that Husband's income from the Family Partnership was neither a gift nor a inheritance and therefore Husband was not entitled to a Category 3 capital contribution credit for the income. Attached to wife's motion were tax forms from the Family Partnership, indicating Husband's share of capital, income, withdrawals, and distributions. Husband filed an opposition to Wife's motion, arguing that his interest in the Family Partnership and income from the partnership were gifts, which entitled him to a category 3 capital contribution credit. Husband also stated that it "is very clear from the evidence which <u>will be</u> before the Court in trial that [Husband's] interest in the [Family Partnership] was clearly a gift or inheritance." (Emphasis added.) Husband did not support his opposition memorandum with affidavits.

The family court granted Wife's motion for partial summary judgment and concluded that

> as a matter of law, the [Family Partnership] operated as a business and that the income, distributions, and withdrawals received by [Husband] from the Partnership during the marriage, as evidenced for tax purposes through annual K-1 schedules, were not "gifts" and were not "inheritance." [Husband] is thus not entitled to repayment of those funds as a Category 3 capital contribution.

On October 30, 2008, after a trial, the family court issued the Divorce Decree. In the decree, the family court deviated from partnership principles and awarded the marital

residence to Wife.  The family court also found that Husband's interest in the Family Partnership was not separate property and granted Husband a category 3 capital contribution credit of $155,304.

On November 21, 2008, the family court filed an order, amending Paragraph 5 (Real Property) on page 8 of the Divorce Decree to reflect the correct address of the martial property.

Husband timely appealed.

## II.   STANDARDS OF REVIEW

### A.   Abuse of Discretion

When reviewing family court decisions for an abuse of discretion, the Hawai'i Supreme Court has held:

> The family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion.  Under the abuse of discretion standard of review, the family court's decision will not be disturbed unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

In re Doe, 77 Hawai'i 109, 115, 883 P.2d 30, 36 (1994) (internal quotation marks, citations, brackets, and ellipsis omitted).

### B.   Findings of Fact

> In this jurisdiction, a trial court's [FsOF] [sic] are subject to the clearly erroneous standard of review.  An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed.
>
> Chun v. Bd. of Trustees of the Employees' Retirement Sys. of the State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005), reconsideration denied, 106 Hawai'i 477, 106 P.3d 1120 (2005) (internal quotation marks, citations, and ellipses omitted)[.]
>
> "An FOF is also clearly erroneous when the record lacks substantial evidence to support the finding.  We have defined substantial evidence as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Leslie v. Estate of Tavares, 91 Hawai'i 394, 399, 984 P.2d 1220, 1225 (1999) (internal quotation marks and citations omitted)[.]

Inoue v. Inoue, 118 Hawai'i 86, 92-93, 185 P.3d 834, 840-41 (App.), cert. rejected, 118 Hawai'i 194, 186 P.3d 629 (2008).

### C. Conclusions of Law

> A COL is not binding upon an appellate court and is freely reviewable for its correctness. [An appellate] court ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

> *[Chun v. Bd. of Trs. of the Employees' Ret. Sys. of the State of Hawai'i*, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005)] (internal quotation marks, citations, and brackets [in origina] omitted)[.]

Inoue, 118 Hawai'i at 93, 185 P.3d at 841.

### III.   DISCUSSION

### A.   ALTHOUGH THE FAMILY COURT FAILED TO MAKE FINDINGS ON THE ELEMENTS OF A LEGAL GIFT, A REMAND IS NOT REQUIRED FOR THOSE FINDINGS.

Husband contends the family court erred in finding that he had effectively "gifted" the marital residence to himself and Wife as marital property merely because he and Wife had signed a mortgage on the property. Husband aruges that there was no evidence of the legal elements of a gift.

Husband further argues that the family court's following FOFs are clearly erroneous:

> 15.   Both parties signed a mortgage agreement on April 29, 2002.

> 16.   As set forth below in "Conclusions of Law" and in the discussion of deviation in particular, the court finds it is just and equitable that the court deviate to award the [marital] residence to Wife and that Husband effectively "gifted" the [marital] residence to Husband and Wife when the parties signed the mortgage agreement.

Wife counters that there was substantial evidence in the record supporting the family court's FOFs.

In Gussin v. Gussin, 73 Haw. 470, 836 P.2d 484 (1992), the Hawai'i Supreme Court concluded that this court erred in failing to remand to the family court the issue of whether a legal gift had been made where the family court failed make

findings on the elements of a legal gift. Id. at 489, 836 P.2d at 494 ("Because the family court failed to make any findings as to donative intent or any other element bearing on whether a legal gift had been made, we conclude that the ICA erred in not remanding the issue of gift for the family court to decide.").

The family court in the instant case did not make findings on the elements of a legal gift. However, a remand is not required pursuant to Gussin because there is a separate independent basis for the family court's awarding of the marital residence to wife. See Taylor-Rice v. State, 91 Hawai'i 60, 73, 979 P.2d 1086, 1099 (1999) (Reviewing court "may affirm a judgment of the trial court on any ground in the record which supports affirmance.").

B. **THE FAMILY COURT PROPERLY DEVIATED FROM THE PARTNERSHIP MODEL DIVISION TO AWARD THE MARITAL RESIDENCE TO WIFE.**

Husband contends the family court erred in deviating from the Partnership Model Division to award Wife the marital residence because the "decision was based on improper considerations, specifically, [Husbands'] purported discovery abuse, misuse of funds, and his lack of accounting."

On May 30, 2008, the family court explained its rationale for deviating from partnership principles and awarding the marital residence to Wife:

> Deviation. The Court may deviate from marital-partnership principles in dividing marital-partnership property where there are valid and relevant considerations. In doing so, the Court must follow Hawaii Revised Statutes [HRS §] 580-47(a) to consider the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, and all other circumstances of the case.
>
> Husband has derived much of his income from monies obtained through inheritance and through buying and selling real estate. The Court, however, could not find in exhibits specific documents or other corroborating evidence referring to his inheritance during marriage that assets prior to date of marriage [sic], except as noted above.
>
> Wife has sought discovery and husband has always indicated that he has turned over all requested discovery.

6

> Had husband provided documentation, the Court would have had a truer picture of Category 1 and Category 3 assets. The Court can only conclude that all discovery was not adequately provided.
>
> The parties were ordered not to waste assets. Yet husband has spent hundreds of thousands of dollars without accounting for where these funds were coming from or going to. For example, the difference in the beginning and ending balances of Exhibits T and Exhibit 3.
>
> Based on the foregoing and considering the factors listed above, and under the circumstances of this case, it would be just and equitable to award the [marital] residence to wife and the Hale'ili residence to husband. And I've noted that in the allocation chart.

In the Divorce Decree, the family court made the following FOFs:

> 16. As set forth below in "Conclusions of Law" and in the discussion of deviation in particular, the court finds it is just and equitable that the court deviate to award the [marital] residence to Wife and that Husband effectively "gifted" the [marital] residence to Husband and Wife when the parties signed the mortgage agreement.
>
> . . . .
>
> 42. Wife has consistently sought discovery from Husband, and Husband has indicated that he has turned over all requested discovery.
>
> 43. The parties were ordered not to waste assets. Yet, Husband has spent hundreds of thousands of the dollars without accounting for where these funds are coming from or going to (for example: the difference between the beginning and ending balances of Exhibits T and 3).

The family court also made these COLs:

> 1. Marital separate property is (a) all property covered by a valid premarital agreement, (b) all property covered by a valid postnuptial agreement and (c) all property that was acquired by a party during the marriage by gift or inheritance, was expressly classified by the party as his/her separate property, and after acquisition, was maintained by itself and/or sources other than one or both of the parties and was funded by sources other than by the marital partnership income or property.
>
> 2. The Court may deviate from marital partnership principles in dividing marital partnership property where there are valid and relevant considerations. In doing so, the Court must follow [HRS] § 580-47(a) to consider the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, and all other circumstances of the case.
>
> Based upon the Husband's expenditure of hundreds of thousands of dollars since being ordered not to waste assets, and his failure to account for where these assets

7

went, and considering all of the factors listed above and all of the circumstances of this case as they have been admitted into evidence in this case, it is just and equitable for the Court to deviate in this case and make the following orders:

. . . .

     5.   <u>REAL PROPERTY</u>.  Wife is awarded the [marital residence].  Husband is awarded the Hale'ili residence located at . . . Hale'ili Road, Captain Cook, Hawaii, and the building materials on the same property.

In <u>Jackson v. Jackson</u>, 84 Hawai'i 319, 933 P.2d 1353 (App. 1997), this court explained the family court's division of marital property under the Partnership Model Division:

The Partnership Model requires the family court, when deciding the division and distribution of the Marital Partnership Property of the parties part of divorce cases, to proceed as follows: (1) find the relevant facts; start at the Partnership Model Division and (2)(a) decide whether or not the facts present any valid and relevant considerations authorizing a deviation from the Partnership Model Division and, if so, (b) itemize those considerations; if the answer to question (2)(a) is "yes," exercise its discretion and (3) decide whether or not there will be a deviation; and, if the answer to question (3) is "yes," exercise its discretion and (4) decide the extent of the deviation.

    Question (2)(a) is a question of law. The family court's answer to it is reviewed under the right/wrong standard of appellate review. Questions (3) and (4) are discretionary matters. The family court's answers to them are reviewed under the abuse of discretion standard of appellate review.

<u>Id.</u> at 332-33, 933 P.2d at 1366-67 (footnote omitted). In <u>Jackson</u>, this court also explained how the family court arrives at valid and relevant considerations that justify deviating from partnership principles:

    In determining whether one or more valid and relevant considerations authorize the family court to deviate from the Partnership Model, the family "court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case." HRS § 580-47(a) (1993). Other than relative circumstances of the parties when they entered into the marital partnership and possible exceptional situations, the above quoted part of HRS § 580-47(a) requires the family court to focus on the present and the future, not the past.

<u>Id.</u> at 333, 933 P.2d at 1367.

HRS § 580-47(a) (2006 Repl.) authorizes the family court to "make any further orders as shall appear just and equitable" for purposes of support and property division during divorce. The family court is expressly authorized to order a final division and distribution of "the estate of the parties, real, personal, or mixed, whether community, joint or separate." Id. In doing so, § 580-47(a) mandates that the family court consider the "the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce . . . and all other circumstances of the case." Id. (emphasis added).

We conclude that HRS § 580-47(a) is broad enough to encompass Husband's purported discovery abuse, misuse of funds, and his lack of accounting as valid and relevant considerations for deviating from partnership principles. We note however that the family court did not base its decision on these factors alone. The Divorce Decree expressly stated that "considering all of the factors listed above and all of the circumstances of this case as they have been admitted into evidence in this case, it is just and equitable for the Court to deviate in this case[.]"

The evidence at trial indicated that during the marriage, husband profited handsomely from buying and selling real estate properties. The evidence also indicated that Wife, although gainfully employed, suffered from lupus, and although Wife had an interest in a coffee farm, the annual income generated from this interest was paltry.

We conclude the family court did not err in deviating from partnership principles pursuant to HRS § 580-47(a) and awarding the marital residence to Wife.

C.    **THE FAMILY COURT PROPERLY CONCLUDED THAT THE PROCEEDS FROM THE FAMILY PARTNERSHIP TO HUSBAND WERE NOT HIS MARITAL SEPARATE PROPERTY.**

Husband contends the family court erred in finding that his interest in the Family Partnership was not "Marital Separate

Property."  The family court made the following FOFs with respect to husband's partnership interest:

19.    Husband's interest in the [Family Partnership] was acquired prior to the marriage and his interest in the [Family Partnership] continued during the marriage until the [Family Partnership] dissolved in 2003.  Husband's interest in the [Family Partnership] is not separate property.

20.    The court has previously ruled that the income and distributions received by Husband from the [Family Partnership] during the marriage shall not be considered gifts or inheritance.  (See, Order Granting [Wife's] Motion for Partial Summary Judgment filed on April 28, 2008.)

21.    The income and distribution from the [Family Partnership] was used to sustain the marriage and Husband.
. . . .

29.    Husband received inheritance during the marriage from the Estate of Alba Felts Blagg totaling $155,304 (Exhibit L).  There is no other evidence or exhibit corroborating Husband's category 3 assets to support his Closing Argument.

30.    Husband is entitled to a Category 3 capital contribution credit of $155,304.
. . . .

40.    Husband has not introduced exhibits or other corroborating evidence to support his claims that he received much of his income from monies obtained through inheritance.

41.    Husband has derived income from the [Family Partnership] and buying and selling real estate.

At trial, the family court identified the disputed and undisputed aspects of husband's Family Partnership interest:

THE COURT:  You know, there's no dispute, at least in my mind, unless, [Wife's Counsel], you see it otherwise, that this partnership that was created, was created as a result of gifts from a relative.  You know, that's not in dispute.

What your client claims to be in dispute is the income from the [Family Partnership] that he received.  He says that's continued -- that is -- should be considered inheritance.  And I've already ruled on that.  He says, well, they put it into a business, an ongoing concern.

And in my view, regardless of how that concern was created, the business concern was created, it's now a business.  And whatever funds he received from that business, I've determined and ruled that it is income.  So it's not an issue how it was funded.  I think [Wife's Counsel] would stipulate it was funded because of gifts from [Husband's] mother --

[Wife's Counsel]: Grandmother.

THE COURT: Oh, grandmother, while she was still living. That's not an issue.

Husband argues that "under Hawaii law, property that has been gifted and inherited by one spouse, and maintained as separate property throughout the marriage is treated as Separate Marital Property, including any appreciation, returns or earnings."

In <u>Hussey v. Hussey</u>, 77 Hawai'i 202, 206-07, 881 P.2d 1270, 1274-75 (App. 1994), <u>overruled on other grounds by</u> <u>State v. Gonsales</u>, 91 Hawai'i 446, 984 P.2d 1272 (App. 1999), this court established three categories of property in divorce proceedings:

**Premarital Separate Property.** This was the property owned by each spouse immediately prior to their marriage or cohabitation that was concluded by their marriage. Upon marriage, this property became either Marital Separate Property or Marital Partnership Property.

**Marital Separate Property.** This is the following property owned by one or both of the spouses at the time of the divorce:

a. All property that was excluded from the marital partnership by an agreement in conformity with the Hawai'i Uniform Premarital Agreement Act (HUPAA), HRS chapter 572D (Supp. 1992).
. . . .

b. All property that was excluded from the marital partnership by a valid contract. [<u>Tougas v. Tougas</u>, 76 Hawai'i 19, 24, 868 P.2d 437, 442 (1994)]; and

c. All property that (1) was acquired by the spouse-owner during the marriage by gift or inheritance, (2) was expressly classified by the donee/heir-spouse-owner as his or her separate property, and (3) after acquisition, was maintained by itself and/or sources other than one or both of the spouses and funded by sources other than marital partnership income or property.

**Marital Partnership Property.** All property that is not Marital Separate Property.

Husband alleges that marital separate property under <u>Hussey</u> is not limited to the principal, but includes any appreciation, gains or earnings on the principal. Husband urges this court to accept the unfounded proposition that because the

11

assets of the Family Partnership were undisputably a gift and Husband independently managed these assets, any appreciation, gains or earnings from these assets remained his separate property as gifts.

We disagree. Under Hussey, there are three classes of marital separate property. 77 Hawaiʻi at 206-07, 881 P.2d at 1274-75. The evidence makes no mention of any valid prenuptial agreement or contract excluding husband's appreciation, gains or earnings from the marital estate. Therefore these proceeds may only qualify as marital separate property if husband can demonstrate that they

> (1) [were] acquired by the spouse-owner during the marriage by gift or inheritance, (2) [were] expressly classified by the donee/heir-spouse-owner as his or her separate property, and (3) after acquisition, [were] maintained by itself and/or sources other than one or both of the spouses and funded by sources other than marital partnership income or property.

Id. at 207, 881 P.2d at 1275.

Husband did not raise in the family court a material issue as to whether the appreciation, gains and earnings from his partnership interest qualified as marital separate property.[2] Additionally, husband's brief on appeal fails to indicate record references supporting the claim that the appreciation, gains, and earnings were gifts. Therefore, these proceeds from a gift-source do not qualify as marital separate property under Hussey.

The family court's FOFs are therefore not clearly erroneous and its COLs are not wrong. Inoue, 118 Hawaiʻi at 92-93, 185 P.3d at 840-41.

---

[2] There are no supporting affidavits attached to Husband's opposition to Wife's motion for partial summary judgment on the issue of whether the appreciation, gains, and earnings from Husband's partnership interest were marital separate property.

## IV. CONCLUSION

The Divorce Decree filed on October 30, 2008, as amended on November 21, 2008, in the Family Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 15, 2010.

On the briefs:

John S. Carroll
for Plaintiff-Appellant.

Kimberly A. Jackson
Andrea H. Alden
(Law Offices of Kimberly
 A. Jackson, LLLC)
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge