**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000713
06-DEC-2023
08:06 AM
Dkt. 86 SO**

NO. CAAP-18-0000713

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SI, Plaintiff-Appellee, v.
KI, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3DV13-1-000147)

SUMMARY DISPOSTION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant KI (**Husband**), appeals from the

Family Court of the Third Circuit's[1] August 21, 2018 "Decree

Granting Absolute Divorce" to Plaintiff-Appellee SI (**Wife**).[2]

On appeal, Husband raises six points of error

challenging the family court's division of the marital estate in

---

[1] The Honorable Dakota K.M. Frenz presided.

[2] Attorney Brian J. De Lima (**De Lima**) represented Wife in this appeal. Pursuant to Hawaiʻi Rules of Evidence Rule 201, we take judicial notice of Case No. SCAD-22-0000068, that De Lima passed away in 2022, and that attorney Robert J. Crudele was appointed trustee over De Lima's legal practice.

its April 20, 2018 "Amended Findings of Fact, Amended Conclusions of Law, and Amended Decision of the Court" (**Amended Decision**) and the attached Property Division Chart.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve Husband's points of error as discussed below.

**(1)** Husband's first two points of error concern the $25,505.00 and the $83,576.90 listed as Wife's capital contributions on the Property Division Chart.

**(a) The $25,505.00**

In addition to claiming that Wife hid this money, Husband contends that "[t]he evidence presented at trial does not support a legal or factual conclusion the $25,505.00 was a capital contribution," because there was no evidence linking that money to Wife's parents.

All property that is not Marital Separate Property is Marital Partnership Property subject to equitable division under the partnership model. See Hussey v. Hussey, 77 Hawaiʻi 202, 207, 881 P.2d 1270, 1275 (App. 1994).[3] Once Marital Separate Property has been identified and segregated, the family court must then "find all of the facts necessary for categorization of

---

[3] *Overruled on other grounds* by State v. Gonsales, 91 Hawaiʻi 446, 984 P.2d 1272 (App. 1999).

2

the properties and assignment of the relevant net market values" for Marital Partnership Property.  Hamilton v. Hamilton, 138 Hawai'i 185, 201, 378 P.3d 901, 917 (2016) (citations omitted).

Here, the family court made conflicting findings. First, the family court found that it was "unclear where [the $25,505.00] originated from as [Wife's] income can be accounted for and thus was not the source" and that "[t]he trial record and exhibits admitted do not establish a clear record of the source of said cash[.]"  But, the family court then found "that this cash was additional gifts to [Wife] from her parents" based on Wife's parents' past generosity to Wife.

There was substantial evidence in the record to support the finding that Wife's parents were very generous with their daughter, including copies of checks written by Wife's mother to Wife.  There is nothing, however, that shows the $25,505.00 specifically came from Wife's parents or any other source.

Relying solely on previous gifts from Wife's parents, without more, the family court's finding that the money came from Wife's parents was clearly erroneous.  See LC v. MG, 143 Hawai'i 302, 310, 430 P.3d 400, 408 (2018) (reviewing findings of fact under the clearly erroneous standard, and a finding is clearly erroneous if "the record lacks substantial evidence to support the finding") (citation omitted).  Thus, the family

court abused its discretion in categorizing the $25,505.00 as Wife's capital contribution. See Brutsch v. Brutsch, 139 Hawai'i 373, 381, 390 P.3d 1260, 1268 (2017) (explaining that "the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion") (citations omitted).

**(b)  The $83,576.90**

Husband contends the family court erred in failing "to find that [Wife's] parents' gifts were to both spouses to allow them to build their house."  (Emphasis omitted.)  Husband further argues "the [c]ourt erred by failing to recognize that Wife essentially gifted over the monies received from parents to Husband when the residence was built and both spouses acquired the residence ownership as tenants by the entireties." (Emphasis omitted.)

In this jurisdiction, "marriage is a partnership to which both parties bring their financial resources as well as their individual energies and efforts."  Hamilton, 138 Hawai'i at 200, 378 P.3d at 916 (citation, internal quotation marks, and brackets omitted).

The family court found that Wife's parents gifted $83,576.90 to Wife, and that the money "was not a loan" because Wife's parents were "simply giving money to their daughter to help in a way most parents, who are finally [sic] able to do so,

4

would do." There was substantial evidence in the record to support the court's finding that the $83,576.90 was a gift to Wife from her parents.

Wife's mother testified that the checks covering the Haihai Street expenses were made out to Wife, and that she never required Wife to sign a note. Wife provided a summary of the Haihai Street home expenses for which Wife's parents paid. Additionally, the record contains photocopies of several documents that corroborate Wife's summary, including (1) $30,000.00 for the Honsador bond deposit; (2) $20,000.00 placed in escrow for the conversion from a construction loan to a First Hawaiian Bank (**FHB**) mortgage; (3) $3,500.00 for the installation of a water meter; (4) $8,000.00 in closing costs; (5) $22,000.00 paid in 5 separate checks for the Haihai Street driveway project; and (6) $76.90 in materials from Home Depot. All together, these dollar amounts total $83,576.90.

Husband does not cite any evidence in the record demonstrating that Wife's parents intended this money to be a gift to Husband and Wife as a couple. Wong v. Wong, 87 Hawai'i 475, 482, 960 P.2d 145, 152 (App. 1998) (explaining that a gift requires "(1) donative intent, (2) delivery, and (3) acceptance") (citation omitted). Similarly, Husband makes no showing that the $83,576.90 was delivered to him or to the parties as a couple.

5

Husband also claims that Wife gifted these funds to him when she filed the Deed to the Haihai Street residence, and the parties moved onto the property. Husband cites <u>Gussin v. Gussin</u>, 73 Haw. 470, 487 n.8, 836 P.2d 484, 493 n.8 (1992), for the proposition that "[m]ost courts accept that separate property can be transmuted into marital property if the owning spouse designates joint title . . . ." However, the doctrine of transmutation was rejected in this jurisdiction. <u>Wong</u>, 87 Hawaiʻi at 482, 960 P.2d at 152 (explaining that "in divorce cases involving the application of the Partnership Model, the transmutation rule does not apply").

In sum, the family court did not abuse its discretion in categorizing the $83,576.90 as Wife's capital contribution. <u>See</u> <u>Brutsch</u>, 139 Hawaiʻi at 381, 390 P.3d at 1268 (applying the abuse of discretion standard of review).

**(2)** Husband's third and fourth points of error allege "the [family court] abused its discretion by failing to apply and allocate marital partnership principles to . . . joint property under the law to divide the property."

**(a) Wife's Tax Refunds**

Husband alleges he was "entitled to a fifty percent credit for the [tax refunds Wife] did not share" because she "admitted she took all of the tax refunds 2013 to 2015 and did not divide them with" him.

"When divorcing parties file a joint return during the pendency of divorce proceedings, it is generally considered that a tax refund generated on the return is marital property and belongs equally to the parties."  Leon Gabinet, <u>Tax Aspects of Marital Dissolution</u> § 9:27 (2d ed. 2023).  The family court may deviate from the partnership model where the facts "present any valid and relevant considerations authorizing a deviation." <u>See</u> <u>Jackson v. Jackson</u>, 84 Hawaiʻi 319, 332, 933 P.2d 1353, 1366 (App. 1997).

Here, Wife did not file joint tax returns for 2013, 2014, and 2015 while the divorce was pending:

> [Wife] testified, credibly, that [Husband] failed to respond to her requests for necessary documents to file joint tax returns.  [Husband] throughout this case has not responded or provided requested documents that related to his income.  As such, [Wife] filed Married Filing Separately since 2013.  [Husband] testified that he has yet to file his 2015-2017 income taxes nor was he sure if he had filed an extension for said years.

The record contains substantial evidence indicating that Wife filed a separate tax return and maintained primary physical custody of the children for 2013 through 2015.  The record also shows Wife furnished over half of the cost of maintaining the household where the children lived, while Husband failed to maintain the children's health insurance, causing Wife to pay out of pocket for the children's medical and health care on multiple occasions while the divorce was pending.

Husband also failed to pay child support and his half of the Haihai Street mortgage as ordered by the family court.

Because Wife filed separately and the evidence in the record justified a deviation from the partnership model, the family court did not abuse its discretion by denying Husband's claim for half of Wife's tax returns.  See Brutsch, 139 Hawai'i at 381, 390 P.3d at 1268 (applying the abuse of discretion standard of review).

### (b)  Savings Bonds

Regarding $4,589.12 in savings bonds, Husband contends the family court erred "by failing to credit [him] for fifty percent of the value of the savings bonds cashed out and kept by Wife."  (Formatting altered.)

The family court denied Husband's claim for a fifty percent credit of the $4,589.12 in savings bonds finding that Wife "testified, credibly, that the Savings Bonds were cashed out and used for their daughter's baby luau party and that [Husband] knew and approved of said use of the savings bonds." At trial, Wife testified that she cashed the savings bonds for her daughter's first birthday party, paying "all kinds" of bills such as the "produce company," the entertainers, the food, and "the cake lady."

"[A]n appellate court will not pass upon issues dependent upon credibility of witnesses and the weight of the evidence[.]" Booth v. Booth, 90 Hawaiʻi 413, 416, 978 P.2d 851, 854 (1999) (citation and internal quotation marks omitted). Because the family court found that Wife testified credibly as to the use of the savings bonds, we cannot say the family court abused its discretion by denying Husband credit for half of the $4,589.12. See Brutsch, 139 Hawaiʻi at 381, 390 P.3d at 1268 (applying the abuse of discretion standard of review).

(3) Husband's fifth and sixth points of error allege that Wife drained her CU Hawaiʻi account and their joint FHB account, and that he was entitled to credit for half the money that was removed from these accounts.

(a) CU Hawaiʻi Account

Regarding $13,675.00, Husband claims Wife "drained the credit union savings accounts over about a two year period" and that "[t]here was no evidence presented that the money was used for living expenses" because "[t]here was no proof of payment of bills by the credit union monies."

As a general rule, charging of waste of marital assets to a divorcing party is applicable "when, during the time of the divorce, a party's action or inaction caused a reduction of the dollar value of the marital estate under such circumstances that he or she equitably should be charged with having received the

9

dollar value of the reduction." Chen v. Hoeflinger, 127 Hawai'i 346, 358, 279 P.3d 11, 23 (App. 2012) (citation omitted).

Finding Wife's testimony credible, the family court denied Husband's request for a fifty percent credit of the $13,675.00:

> [Husband's] claim for a fifty percent credit of the $13,675.00 is denied. [Husband's] counsel concedes that this is likely monies from [Wife's] account with her mother. Regardless of its origin, [Wife] testified credibly that this money was used to pay everyday living expenses, especially given [Husband's] failure to pay his share of the Haihai Street mortgage, court ordered child support, and [Wife] and the children's health insurance. Money was deposited and withdrawn to pay bills and expenses for a period just under two years following separation.

Both Wife's testimony and the evidence admitted at trial (including Wife's CU Hawai'i account statements that reflect several cash payments for the Haihai Street mortgage, the parties' joint credit card bill, and several other expenses) indicate that the money removed from the CU Hawai'i account was used to pay living expenses. The record also indicates that Wife was paying for some of the children's medical expenses out of pocket.

Husband does not present evidence on this point beyond his claim that Wife's testimony conflicted with his own. The family court found Wife's testimony credible. Again, we "will not pass upon issues dependent upon credibility of witnesses and the weight of the evidence." Booth, 90 Hawai'i at 416, 978 P.2d at 854 (citation and internal quotation marks omitted).

10

The family court did not abuse its discretion by denying Husband's claim for a fifty percent credit of the $13,675.00. See Brutsch, 139 Hawai'i at 381, 390 P.3d at 1268 (applying the abuse of discretion standard of review).

**(b) First Hawaiian Bank Account**

Husband's final point of error asserts that Wife "drained the [FHB] accounts nine days after separation," and that he "is entitled to a fifty percent credit for the monies she did not share."

"It is fundamental to recognize that marital waste is only a chargeable deduction if it occurs during the divorce[.]" Gordon v. Gordon, 135 Hawai'i 340, 354, 350 P.3d 1008, 1022 (2015). Moreover, the "family court is not required to presume specific percentage splits in the division of each category of property[,]" although it must "exercise its discretion within the framework provided by our law." Id. at 352, 350 P.3d at 1020.

Here, the family court found that the date of separation was February 16, 2013. The family court denied Husband's claim for a fifty percent credit of $15,123.00 withdrawn from the FHB account:

> [Husband's] claim for a fifty percent credit toward
> [Wife's] alleged draining of the First Hawaiian Bank
> Account in the amount of $15,123 is denied.  This was not
> money jointly held in the account and then immediately
> withdrawn upon separation as alleged by [Husband].
> [Husband's] Exhibit CC shows a deposit for $15,123 on
> May 14, 2013, and then an immediate withdrawal of the same
> amount also on May 14, 2013.  There is insufficient
> evidence to deduce whether that was marital income/money or
> [Wife's] parent's financial assistance.

Wife testified that the $15,123.00 deposit came from the savings bonds she cashed out and that "the money was withdrawn to pay for some of . . . the baby's party obligations."  The FHB statement shows there was a deposit for $15,123.00 on May 14, 2013, and a withdrawal for the same amount on the same day.

Because the $15,123.00 deposit was made after the parties separated, the family court's finding that there was insufficient evidence to determine it was marital property was not clearly erroneous.  Thus, we cannot say that the family court abused its discretion by denying Husband's claim for half of the $15,123.00.  See Brutsch, 139 Hawaiʻi at 381, 390 P.3d at 1268 (applying the abuse of discretion standard of review).

Based on the foregoing, we vacate the family court's Amended Decision as to the determination that $25,505.00 was Wife's capital contribution, and remand this case for further proceedings consistent with this summary disposition order.

Additionally, IT IS ORDERED that the appellate clerk shall mail a copy of this summary disposition order to Robert J.

Crudele at his mailing address on record with the Hawai'i State Bar Association, and to Wife at her mailing address on record.

DATED:  Honolulu, Hawai'i, December 6, 2023.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Douglas L. Halsted,
for Defendant-Appellant.                /s/ Karen T. Nakasone
                                        Associate Judge
Brian J. De Lima,
for Plaintiff-Appellee.                 /s/ Sonja M.P. McCullen
                                        Associate Judge