**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000025
23-MAY-2024
08:02 AM
Dkt. 70 SO**

NO. CAAP-20-0000025

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASSOCIATION OF APARTMENT OWNERS OF
ISLAND COLONY, BY AND THROUGH ITS BOARD OF DIRECTORS,
Plaintiff-Appellee/Counterclaim Defendant,
vs.
ISLAND COLONY PARTNERS; AMERICAN PACIFIC HOTELS, LLC,
Defendants-Appellees/Counterclaimants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; AND
DOE GOVERNMENTAL UNITS 1-10,
Defendants

AND

ISLAND COLONY PARTNERS,
Plaintiff-Appellee,
vs.
SHUTO SALES & MGMT., LLC, AND SUZANNE A. SHUTO,
Defendants-Appellants,
and
HAWAIIAN PARADISE RETREATS, LLC,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 1CC131001847 and 1CC131001961)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendants-Appellants Suzanne Shuto and Shuto Sales &

Mgmt., LLC (the **Shutos** or **Defendants**) filed an appeal from a

December 18, 2019 Judgment (**Judgment**) entered by the Circuit

Court of First Circuit (**Circuit Court**),[1] in favor of Defendant-Counterclaim Plaintiff/Plaintiff-Appellee Island Colony Partners (**Partners** or **Plaintiff**). The Shutos also challenge the Circuit Court's: (1) November 18, 2019 Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Granting [Partners's] Motion to Vacate Stipulation for Dismissal with Prejudice of All Claims and All Parties in Civil No. 13-1-1961-07 DEO, Filed on October 16, 2018 and to Enforce Settlement Agreement, Filed September 4, 2019 (**FOFs/COLs/Order**), and (2) March 11, 2020 Order Granting in Part and Denying in Part [the Shutos'] Motion for a Stay of the Enforcement of Judgment and to Set Supersedeas Bond, filed January 16, 2020 (**Order re Stay**).

The parties were involved in a long-running dispute that was "resolved" in a September 24, 2018 Settlement Agreement (**Settlement Agreement**) and an October 16, 2018 Stipulation for Dismissal with Prejudice of All Claims and All Parties in Civil No. 13-1-1961-02 DEO to dismiss Partners's 2013 complaint. This appeal arises out of further, post-dismissal litigation over compliance with and enforcement of the Settlement Agreement.

The Shutos assert four points of error on appeal, contending that the Circuit Court erred in: (1) concluding, contrary to the Settlement Agreement's express terms, that the Shutos breached paragraph 5 of the Settlement Agreement by failing to immediately pay Partners a remaining sum of $70,000 owed after the Shutos sold their assets to Vacasa; (2) concluding that the Shutos breached the terms of a note (**Note**) by failing to

---

[1] The Honorable Dean E. Ochiai presided.

2

make a second $10,000 installment payment on September 24, 2019; (3) concluding that the Shutos breached the Settlement Agreement and Note when there was no evidence that Partners provided the Shutos the required 15-day notice to cure; and (4) using an unawarded amount of attorneys' fees when calculating the amount of the supersedeas bond.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Shutos' points of error as follows:

(1) The Shutos challenge FOFs 16, 21, and 37, and COLs 8 and 11, and assert that the record does not support the conclusion that the Shutos breached the Settlement Agreement by failing to pay the remaining $70,000 balance after completing the sale with Vacasa.  FOFs 16, 21, and 37, provide:

> 16.  Paragraph 5 of the Settlement Agreement provides, in relevant part, that Defendants agree to pay Plaintiff the total amount of $80,000 as follows:  (1) $10,000 within forty-five (45) days of execution of the Settlement Agreement and (2) the remaining $70,000 in equal $10,000 installments every 12 month from the date of the Settlement Agreement until paid in full.
>
> 21.  Paragraph 5 of the Settlement Agreement also provides that if Defendants sell or otherwise transfer for money any of their companies, then Defendants agree that any remaining amount owed under the Promissory Note would become due and payable immediately.
>
> 37.  By reason of Defendants' breaches of the Promissory Note and the Settlement Agreement, the entire amount of their obligation to Plaintiff presently unpaid and owing is $70,000.

COLs 8 and 11 provide:

> 8.  Defendants are in breach of Paragraph 5 of the Settlement Agreement by failing to make immediate payment of the remaining sum owed under the Settlement Agreement of $70,000 after Defendants had sold their assets to Vacasa.
>
> 11.  As a result of Defendants' breaches of the Settlement Agreement, the due date for Defendants to make

payments is advanced and Plaintiff is entitled to immediate payment of $70,000.

The Shutos argue that the Circuit Court's FOFs 16 and 21 either misstate the terms of the Settlement Agreement or completely omit a condition precedent that triggers the acceleration of the $70,000 balance.  The Shutos' argument has merit.  The Circuit Court omitted a material clause in paragraph 5 of the Settlement Agreement, which states, in pertinent part:

> However, <u>if the terms of the sale</u> or transfer of any of SHUTO Defendants' companies <u>include payment over time</u>, then <u>SHUTO Defendants' obligations to pay the remaining amount due under the promissory note shall be become due and payable when substantially all of the payments have been made</u>.

(Emphasis added).

The Asset Purchase Agreement entered into between the Shutos and Vacasa provides that Vacasa will pay $300,000 on the closing date, and up to $200,000 in a retention bonus two years and fifteen days after closing.  However, the Circuit Court did not make findings regarding how the payment-over-time provision in the third section of paragraph 5 affects the acceleration clause in section one of paragraph 5.  Further, the court did not make findings regarding what is considered "substantially all" of the purchase price, or when "substantially all" of the purchase price was or will be paid under the Asset Purchase Agreement. Therefore, we are unable to appropriately review the issue on appeal.  See In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 465, 465 P.3d 903, 912 (2020) ("However, when the lower court has failed to issue the requisite findings of fact to enable meaningful

4

appellate review, it is not the function of the appellate court to conduct its own evidentiary analysis.").

Accordingly, the challenged FOFS and COLS are vacated to allow the Circuit Court to enter appropriate findings on remand in light of the entirety of paragraph 5 of the Settlement Agreement and the terms of the Asset Purchase Agreement at issue here.[2]

(2) The Shutos argue that, during a September 26, 2019 hearing, the Circuit Court erred in its oral ruling concerning a missed installment payment. As noted by Partners, notwithstanding the Circuit Court's statements at the hearing, the court's written order did not find the Shutos in breach regarding the installment payments. We conclude that the Shutos are not entitled to relief based on the second point of error. State v. Milne, 149 Hawaiʻi 329, 335, 489 P.3d 433, 439 (2021) (written order controls over oral ruling).

(3) The Shutos argue, in the alternative, that even if they failed to make the second installment payment, they were not

---

[2] The Shutos also challenge the second subpart of FOF 16 as clearly erroneous. As previously stated, FOF 16 states:

> 16. Paragraph 5 of the Settlement Agreement provides, in relevant part, that Defendants agree to pay Plaintiff the total amount of $80,000 as follows: (1) $10,000 within forty-five (45) days of execution of the Settlement Agreement and (2) the remaining $70,000 in equal $10,000 installments every 12 month from the date of the Settlement Agreement until paid in full.

(Emphasis added). The Settlement Agreement, however, provides that the remaining $70,000 balance will be paid in equal $10,000 installments from the date of the initial payment. Thus, this subpart of FOF 16 is clearly erroneous. However, this error is harmless as the court made no determination that the Shutos breached the installment payment provision of the Settlement Agreement or Note. See Kometani v. Heath, 50 Haw. 89, 92, 431 P.2d 931, 934 (1967) (stating that if a court's error does not affect the substantial rights of the parties, the error is harmless).

in breach of the Settlement Agreement because Partners did not provide the required 15-day notice to cure the alleged default. In light of our determination that the Circuit Court did not conclude that the Shutos failed to timely pay the installment payment, we need not reach this issue. See Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 310, 172 P.3d 1021, 1054 (2007).

(4)    The Shutos argue that the Circuit Court abused its discretion by inflating the supersedeas bond required to stay the enforcement of the December 18, 2019 Judgment to include the award of a yet-to-be-determined-amount-of attorneys' fees, because the Circuit Court lacked jurisdiction to award attorneys' fees under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(d)(2)[3] after the Shutos filed their notice of appeal.

This argument is without merit. In short, as an order granting a motion to enforce a settlement agreement, the November 18, 2019 FOFs/COLs/Order is a collateral order, which was

---

[3]    HRCP Rule 54(d)(2) provides, in pertinent part:

Rule 54.    JUDGMENTS; COSTS; ATTORNEYS' FEES.

(d) **Costs; attorney's fees**.

(2) ATTORNEYS' FEES.

(A)    Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(B)    Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of an appealable order or judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

immediately appealable as such under the collateral order doctrine. See Cook v. Surety Life Ins., Co., 79 Hawaiʻi 403, 408, 903 P.2d 708, 713 (App. 1995). However, the November 18, 2019 FOFs/COLs/Order did not resolve the outstanding issue of attorneys' fees, stating therein that "Plaintiff is awarded its attorneys' fees and costs, the total amount to be determined by the Court based on the submission of an affidavit by Plaintiff or its counsel." Although purporting to be a final judgment pursuant to HRCP Rules 54(b) and 58, the December 18, 2019 Judgment also did not resolve the issue of attorneys' fees. Thus, the Judgment was not a final, appealable order or judgment, and it did not deprive the Circuit Court of jurisdiction.

We note that the issue of attorney fees was finally resolved in the Circuit Court's July 14, 2020 Order Granting [Partners's] Attorneys' Fees and Costs Pursuant to Judgment Entered December 18, 2019 (**Order Granting Fees**). Therefore, the appealable final order in this case – *i.e.,* the order finally adjudicating Partners' September 4, 2019 motion to enforce the Settlement Agreement – is actually a series of two orders: the November 18, 2019 FOFs/COLs/Order and the July 14, 2020 Order Granting Fees. See S. Utsunomiya Enters. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994).[4] In light of our decision to vacate the November 4, 2019 FOFs/COLs/Order, we necessarily vacate the Order Granting Fees.

_____

[4] In Utsonomiya, the Hawaiʻi Supreme Court held that "where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from [HRCP Rule] 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all." 75 Haw. at 494-95, 866 P.2d at 960 (cleaned up).

As the December 18, 2019 Judgment was not a final judgment, the Shutos' arguments are not applicable here.

For these reasons, we vacate: (1) the July 14, 2020 Order Granting Fees; (2) the December 18, 2019 Judgment; and (3) the November 18, 2019 FOFs/COLs/Order. This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, May 23, 2024.

On the briefs:

Philip W. Miyoshi,
(Miyoshi & Hironaka LLC),
for Defendants-Appellants.

Sunny S. Lee,
Jenna L. Durr,
(Bronster Fujichaku Robbins),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge