**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000701
18-NOV-2025
08:46 AM
Dkt. 44 SO**

NO. CAAP-23-0000701

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MARCUS L. KAWATACHI, in his official capacity as
Executive Director of the Hawaii Civil Rights Commission,
ex relatione, ROBERT A. FAHN and BRENDA A. FAHN,
Plaintiff-Appellant,
v.
THE PARRISH COLLECTION, LLC; THE PARRISH COLLECTION KAUAI;
LINDA EVANS, as Trustee of the LAURA P. EVANS REVOCABLE TRUST
DATED May 8, 2022; JONATHAN D. PARRISH; and SIMONE McCAFFREY,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-23-0000077)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and McCullen, JJ.)

Plaintiff-Appellant Marcus L. Kawatachi, in his

official capacity as Executive Director of the Hawaiʻi Civil

Rights Commission (**Commission**), ex relatione Robert A. Fahn

(**Robert**) and Brenda A. Fahn (**Brenda**) (together, **Fahns**), appeal

from the Circuit Court of the Fifth Circuit's[1] October 30, 2023

---

[1] The Honorable Randal G.B. Valenciano presided.

order granting Defendants-Appellees The Parrish Collection, LLC; The Parrish Collection Kauai; Linda Evans, as Trustee of the Laura P. Evans Revocable Trust Dated May 8, 2002; Jonathan D. Parrish; and Simone McCaffrey's (collectively, **Parrish**) motion for summary judgment (**Summary Judgment Order**) and February 7, 2024 "Final Judgment in Favor of [Parrish] as to Counts I and II of the Amended Complaint Filed July 27, 2023" (**Final Judgment**).[2] (Formatting altered.)

On appeal, the Commission appears to challenge the granting of summary judgment on Count 1 of its Amended Complaint alleging failure to provide reasonable accommodations.[3]

---

[2] Parrish's motion was fashioned as a Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6) motion to dismiss, or in the alternative, a motion for summary judgment.

Because the circuit court expressly considered the declarations and exhibits filed by the parties, we treat the motion as a motion for summary judgment. HRCP Rule 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.").

[3] The Commission raises five points of error on appeal, all challenging the circuit court's statements related to Count 1 of its Amended Complaint:

1. "The Circuit Court erred in Finding that, as alleged, Complainant Robert Fahn did not have a 'Disability' as Defined Under [Hawaiʻi Revised Statutes (**HRS**)] Chapter 515." (Some formatting altered.)

2. "The Circuit Court erred in Finding that [Parrish's] Offer to Conduct the Weekly House Cleanings While Complainants Were Away from the Subject Property was a 'Reasonable Accommodation' as Required by HRS Chapter 515." (Some formatting altered.)

(continued . . .)

2

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate and remand.

The following background is based on the evidence attached to the motion for summary judgment and the memorandum in opposition.

In 2006, Robert was diagnosed with heart disease. In August 2020, Robert and Brenda decided to move from Colorado to Kaua'i with their three kids and three dogs because Kaua'i had so few COVID-19 cases.

---

(. . . continued)

3. "The Circuit Court erred in Finding that [the Fahns'] Accommodation Request to Waive the Weekly House Cleaning Lease Term was not 'Necessary' as Required by HRS Chapter 515." (Some formatting altered.)

4. "The Circuit Court erred in Finding that HRS Chapter 515 does not Create Stand-Alone Liability for a Housing Provider's Failure to Engage in the 'Interactive Process.'" (Some formatting altered.)

5. "The Circuit Court Erred in Finding that [Parrish] Engaged in the 'Interactive Process' as Required by HRS Chapter 515." (Some formatting altered.)

Although the circuit court made statements during the hearing, it correctly made no factual findings in its Summary Judgment Order. See McKellar v. Outfitters Kauai, Ltd., 156 Hawai'i 381, 575 P.3d 38, No. CAAP-23-0000102, 2025 WL 2605385, at *3 (App. Sep. 9, 2025) (SDO) ("We emphasize that a circuit court deciding a motion for summary judgment does not make findings of fact. If the facts are controverted, summary judgment should be denied."); State v. Milne, 149 Hawai'i 329, 335, 489 P.3d 433, 439 (2021) ("[A] trial court's written order controls over its oral statements." (footnote omitted)).

On August 22, 2020, the Fahns and Parrish executed a rental agreement. The rental agreement included Special Term #4 regarding weekly cleaning of the unit (**Cleaning Clause**):

> "Cleaning to be scheduled every week and completed by the Parrish Collection Housekeeping staff and paid for by the tenant. This will be done hourly at $40.00 per hour and the number of hours dependent on property condition."

On or about September 16, the Fahns moved into the rental house.

On September 30, Brenda stated she did "not want cleaning service if the cleaners are also entering residences of individuals who have only taken the Covid negative test." Although not expressly requesting a reasonable accommodation based on Robert's heart disease, she stated that Robert "has a 5-6% mortality rate and almost 20% hospital rate (because of his age and conditions)." Brenda ended with, "I hope you understand wanting to delay housekeeping."

On November 16, Parrish informed the Fahns that they failed to comply with the Cleaning Clause, and that they "cannot be selective in allowing [Parrish] access to make repairs but not allow access for the required cleaning."

On November 23, a Colorado doctor sent Parrish a letter stating, "I am aware of the nature and extent of Mr. Fahn's disability and I understand the reason for his

4

request for a reasonable accommodation." The Colorado doctor concluded "Mr. Fahn meets the definition of 'handicapped' under the Fair Housing Act and that such a reasonable accommodation may be necessary to afford Mr. Fahn the equal opportunity to use and enjoy the dwelling unit in which he resides."

On November 24, Robert sent Parrish a letter stating, "[a]s a person with a disability, I am hereby requesting a reasonable accommodation" under the Fair Housing Act, 42 U.S.C. § 3604 (1988). Robert specifically requested the "[s]uspension of cleaning personnel from entering the property." He further stated, "I need this accommodation because I am at increased risk of contracting COVID-19 due to my physical disability, as defined by federal regulations (24 CFR § 100.201)."

On November 25, a California attorney (not licensed in Hawaiʻi) sent Parrish a "CEASE AND DESIST DEMAND RE THREATS TO INTERFERE WITH HOUSING" and stated she was "representing the legal interests of Robert and Brenda Fahn with respect to the issues discussed herein while we are in the process of retaining local counsel to assist in resolving the matter." The California attorney asserted the Cleaning Clause was unenforceable and a violation of the Fair Housing Act. The California attorney also asserted Parrish breached the lease agreement and committed fraud. The California attorney demanded, among other things, that Parrish: (1) "[d]rop [its]

insistence on weekly cleaning of the Rental House by [its] cleaners"; (2) reduce rent by fifty percent for September, October, and November; (3) pay reasonable attorney's fees "currently approximated at $5,000.00"; and (4) pay $10,000.00 in general damages.

That same day, Parrish rejected the demands and asserted "[t]he request to simply not enforce [the Cleaning Clause] is not reasonable and is rejected." Parrish suggested the Fahns "could simply not be present in the house during the weekly cleaning." Parrish asserted it "follows strict industry protocols for its cleaning crew"; "[a]ll employees are screened daily, their temperatures are taken, wear full personal protective equipment (including masks and gloves) and during any service use of CDC approved cleaning products." Parrish stated, "this is not a negotiation. Your clients have a binding Lease. They will comply with the terms of that Lease or it will be terminated."

On November 30, Parrish filed a complaint for summary possession.

On December 31, the Fahns notified Parrish that they vacated the rental house. Parrish retained $5,471.44 of the $6,000.00 security deposit to clean, replace, and repair the rental house and items in the rental house.

On July 27, 2023, the Commission filed its Amended Complaint asserting:[4]

> **Count 1:** "Refusal to Make a Reasonable Accommodation, Failure to Engage in the [Interactive] Process"

(Formatting altered.) Parrish moved for summary judgment, which was granted. The Commission appealed.

We review the granting or denying of a motion for summary judgment de novo. Hilo Bay Marina, LLC. v. State, 156 Hawaiʻi 478, 486, 575 P.3d 568, 576 (2025).

The party moving for summary judgment has the burden "to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law." Umberger v. Dep't of Land & Nat. Res., 140 Hawaiʻi 500, 528, 403 P.3d 277, 305 (2017) (citation omitted).

A defendant movant "may satisfy [its] initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the [non-movant] will be unable to carry [its] burden of proof at

---

[4] The Commission also asserted a second count, claiming the termination of the rental agreement violated HRS § 515-3(1) (2018) and Hawaiʻi Administrative Rules (**HAR**) § 12-46-305(1). The Commission, however, does not appear to challenge the granting of summary judgment as to Count 2 in its points of error on appeal. And the Commission's opening brief makes no reference to HRS § 515-3(1) or HAR § 12-46-305(1). Thus, we do not address the dismissal of Count 2.

trial." Ralston v. Yim, 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013). "Where the movant attempts to meet [its] burden through the latter means, [it] must show not only that the non-movant has not placed proof in the record, but also that the movant will be unable to offer proof at trial." Id. at 60-61, 292 P.3d at 1290-91 (citation modified).

"Only when the moving party satisfies its initial burden of production does the burden shift to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Id. at 56-57, 292 P.3d at 1286-87 (citation omitted).

In Count 1, the Commission alleged Parrish refused to make a reasonable accommodation, in violation of Hawaiʻi Revised Statutes (**HRS**) § 515-3(9) (2018).[5]

HRS § 515-3(9) addresses discrimination by owners or persons engaging in real estate transactions:

> **§ 515-3 Discriminatory practices.** (a) It is a discriminatory practice for an owner or any other person engaging in a real estate transaction, or for a real estate broker or salesperson, because of race, sex, including gender identity or expression, sexual orientation, color, religion, marital status, familial status, ancestry, disability, age, or human immunodeficiency virus infection:
>
> . . . .

---

[5] The Commission also asserted in Count 1 that Parrish failed to engage in the "interactive process" under Hawaiʻi Administrative Rules § 12-46-306(a)(3). The Commission makes similar arguments on appeal. In light of our decision to remand this case on Count 1, we need not reach this argument.

> (9)  <u>To refuse to make reasonable accommodations in rules, policies, practices, or services, when the accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a housing accommodation</u>; provided that if reasonable accommodations include the use of an animal, reasonable restrictions may be imposed[.]

HRS § 515-3(9) (some formatting altered, emphases added).

Disability is defined as "having a physical or mental impairment which substantially limits one or more major life activities, having a record of such an impairment, or being regarded as having such an impairment. . . ."  HRS § 515-2 (2018).  HRS Chapter 515 "shall be construed according to the fair import of its terms and shall be liberally construed."  HRS § 515-1 (2018).

In other words, to establish a violation under HRS § 515-3(9), the Commission would need to prove:  (1) Parrish was an owner, other person engaging in a real estate transaction, or real estate broker or salesperson who; (2) based on disability; (3) refused to make (4) reasonable accommodations; (5) in rules, policies, practices, or services; (6) when the accommodations were necessary to afford equal opportunity to use and enjoy the housing unit.

Thus, to prevail on its motion for summary judgment, Parrish needed to present evidence negating, or evidence showing the Commission could not prove, one of the HRS § 515-3(9) elements.  In its motion for summary judgment, Parrish made arguments as to three of the six elements.  Parrish argued:

- The Commission did not establish Robert suffered from a disability;

- The Commission failed to explain why the desired accommodation was necessary to afford the Fahns an "equal opportunity to use and enjoy" the rental; and

- The Fahns' desired accommodation was unreasonable.

Parrish attached various documents to the motion for summary judgment including email threads, the rental agreement, correspondence related to the alleged breach, the Colorado doctor's letter, the California attorney's letter, termination of the lease, the summary possession complaint, and the security deposit statement.

None of these documents negated the disability element or showed the Commission could not prove Robert had a disability, so as to entitle Parrish to judgment as a matter of law. None of these documents negated the "equal opportunity to use and enjoy" element or showed the Commission could not prove this element, so as to entitle Parrish to judgment as a matter of law. And none of these documents negated the reasonableness element or showed the Commission could not prove reasonableness, so as to entitle Parrish to judgment as a matter of law. Because Parrish failed to meet its initial burden on summary judgment, the burden did not shift to the Commission.

Thus, the circuit court erred in granting summary judgment.

Based on the foregoing, we vacate the circuit court's October 30, 2023 Summary Judgment Order and February 7, 2024 Final Judgment as related to Count 1, and we remand for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, November 18, 2025.

On the briefs:

Eric Pililaau,
Joey Badua,
Catherine M. Lowenberg,
April L. Wilson-South,
for Plaintiff-Appellant.

Mark G. Valencia,
Kenneth V. Go,
(Case Lombardi)
for Defendants-Appellees.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge