**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000616
31-JAN-2023
07:54 AM
Dkt. 61 OP

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

CARMELA S. SALAS, Plaintiff-Appellant,
v.
EMP MEDICAL GROUP, LTD., A OHIO LIMITED PARTNERSHIP;
EMERGENCY MEDICINE PHYSICIANS OF HONOLULU PALI MOMI, PLLC,
A FOREIGN LIMITED LIABILITY COMPANY; LILY L. GALLAGHER, MD;
EDWARD A. SWENSEN, PA-C, Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10;
and DOE ENTITIES 1-10, Defendants.

NO. CAAP-19-0000616

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 19-1-0014 )

JANUARY 31, 2023

LEONARD, PRESIDING JUDGE, WADSWORTH AND MCCULLEN, JJ.

OPINION OF THE COURT BY LEONARD, J.

Plaintiff-Appellant Carmela S. Salas (**Salas**) appeals

from the Final Judgment (**Judgment**) entered by the Circuit Court

of the First Circuit (**Circuit Court**) on June 9, 2020.[1]  Salas

also challenges the Circuit Court's Findings of Fact and

Conclusions of Law (**FOFs & COLs**) filed on August 5, 2019.

The Circuit Court concluded, *inter alia*, that Salas's

medical tort claims are barred by the applicable statute of

limitations, Hawaii Revised Statutes (**HRS**) § 657-7.3 (2016).[2]

Salas contends that this action is not time-barred because any

statute of limitations was tolled when she submitted an inquiry

to the State of Hawaiʻi Medical Inquiry and Conciliation Panel

(**MICP**).  Defendants-Appellees EMP Medical Group, Ltd., Emergency

Medicine Physicians of Honolulu Pali Momi (**EMP Pali Momi**), PLLC,

Dr. Lily L. Gallagher (**Dr. Gallagher**), and Edward A. Swensen PA-C

(**PA Swensen**) (**Appellees**) successfully argued in the Circuit Court

that the statute of limitations was not tolled in this case

because they were not named as parties to the MICP inquiry filed

by Salas.  However, the Circuit Court did not find that Appellees

were known to Salas at the time that the inquiry was filed.  We

thus conclude that Salas's lawsuit is not time-barred based on

the record before the Circuit Court, because Appellees did not

---

[1]    The Honorable Dean E. Ochiai presided.

[2]    HRS § 657-7.3 provides, in pertinent part:

> **§ 657-7.3  Medical torts; limitation of actions; time.**
> (a) No action for injury or death against a . . . physician
> . . . duly licensed or registered under the laws of the
> State, or a licensed hospital as the employer of any such
> person, based upon such person's alleged professional
> negligence . . . shall be brought more than two years after
> the plaintiff discovers, or through use of reasonable
> diligence should have discovered, the injury[.]

establish that Salas failed to meet HRS § 671-12(a) (2016) requirements[3] to submit an inquiry to the MICP sufficient to trigger the HRS § 671-18 (2016) tolling provision[4] with respect to claims against Appellees.  We further conclude that the Circuit Court did not lack subject matter jurisdiction on the grounds that Salas did not file an MICP inquiry specifically naming Appellees prior to commencing this lawsuit.  The Circuit Court's Judgment is vacated and this case is remanded.

I.   BACKGROUND

Salas suffered a ruptured appendix in late March 2016. She was treated with antibiotics at the Pali Momi Medical Center (**Pali Momi**) from approximately March 26, 2016, to April 15, 2016. On May 4, 2016, Salas went to the Emergency Department at Pali Momi with abdominal pain, where she was examined, treated, and

---

[3]     HRS § 671-12(a) provides:

> **§ 671-12  Review by panel required; notice; presentation of inquiry; request for a more definite statement of the inquiry.**  (a) Any person or the person's representative having concerns regarding the existence of a medical tort shall submit an inquiry to the medical inquiry and conciliation panel before a suit based on the circumstances of the inquiry may be commenced in any court of this State.  Inquiries shall be submitted to the medical inquiry and conciliation panel in writing and shall include the facts upon which the inquiry is based and the names of all parties against whom the inquiry is or may be made who are then known to the person or the person's representative.

[4]     HRS § 671-18 provides, in relevant part:

> **§ 671-18  Statute of limitations tolled.**  The filing of the inquiry with the medical inquiry and conciliation panel . . . shall toll any applicable statute of limitations, and the statute of limitations shall remain tolled until sixty days after the termination of the panel[.]

then discharged the same day. Two days later, Salas was admitted to the Honolulu Straub Clinic and Hospital for emergency treatment of intra-abdominal abscesses and sepsis. In this suit, Salas alleges that the emergency treatment of her intra-abdominal abscesses and sepsis starting on May 6, 2016 – which included exploratory abdominal surgery, debridement of pelvic abscesses, removal of both fallopian tubes, and removal of her appendix, as well as a prolonged course of intravenous antibiotics after she was discharged on May 16, 2016, incapacitation for several months, and great suffering in body and mind, loss of income, and incurred medical costs – would have been avoided had the health care providers who examined, diagnosed, and treated her at Pali Momi on May 4, 2016, Dr. Gallagher and PA Swensen, properly diagnosed Salas's condition and immediately treated her.

On March 22, 2018, Salas submitted an Inquiry Regarding Rendering of Professional Services (**Inquiry**) to the MICP, on the form provided by the MICP. The two-page form has four sections in which the inquiring party is to provide their name and address, the name and address of the health care provider(s), a description of the professional services that are the subject of the inquiry, and the alleged negligent acts or omissions that fell below the applicable standard of care. Salas identified Pali Momi as the health care provider(s) and/or health care facilities believed responsible for the alleged negligence.

On July 26, 2018, Salas submitted a letter to the MICP stating that Dr. Stacey L. Woodruff (**Dr. Woodruff**) and US Acute Care Solutions would need to be added as additional health care providers.[5]  On October 16, 2018, Salas submitted Inquiring Party's Expert Testimony by Letter to the MICP.  Dr. Christopher Van Tilburg (**Dr. Van Tilburg**) opined, in part, that:

> Ms. Salas presented to the Pali Momi Medical Center emergency department on 5/4/2016 with generalized abdominal pain.  She was evaluated, treated and discharged to home by Edward A. Swensen PA-C and Lily L. Gallagher MD.  It was noted that she had been an inpatient at Pali Momi Medical Center from 3/26/16 to 4/5/16 for a ruptured appendix that was treated with percutaneous drainage and intravenous antibiotics.  On 5/4/2016, Ms. Salas was having recurrence of abdominal pain, two weeks after finishing antibiotics.
>
> On 5/4/18 [sic], Ms. Salas's temperature was elevated to 39.3, her pulse was elevated to 109, and her respiratory rate was elevated to 24.  Ms. Salas had abdominal tenderness, cervical motion tenderness and purulent cervical discharge.  Her lab tests were notable for a WBC elevated to 17.9.  Ms. Salas has an abdominal pelvic CT scan which showed a worsening inflammatory process compared with a scan from 3/26/16, and the radiologist noted that the findings were suggestive of pelvic inflammatory disease with multiple tubo-ovarian abscesses.  In summary, on 5/4/2016 Ms. Salas was having an intra-abdominal infection with sepsis.  However, she was discharged to home.
>
> Regarding the emergency medicine visit to Pali Momi Medical Center on 5/4/2016, Edward A. Swensen PA-C and Lily L. Gallagher MD, working at Pali Momi Medical Center and employed by US Acute Care Solutions, did not meet the standard of care.
>
> • According to the chart note, sepsis and intra-abdominal abscesses were not considered by Mr. Swensen in his differential diagnosis, despite the admission from 3/26/16 and the physical exam and laboratory findings noted above, which included three abnormal vital signs, an elevated white blood cell count, a positive abdominal-pelvic CT Scan.  Mr. Swensen and Dr. Gallagher failed to recognize, or even consider, sepsis, a common life-threatening condition.
> • Consultation with the patient's gynecologist or the on-call gynecologist did not occur.

---

[5]  Salas did not include US Acute Care Solutions or Dr. Woodruff in the Complaint.

5

- Ms. Salas was discharged to home. She should have been admitted to the hospital.

Ms. Salas returned to a different medical center two days later on 5/6/16 and was admitted for 10 days for intraabdominal abscesses and sepsis. Treatment included an exploratory abdominal surgery, debridement of pelvic abscesses, removal of both fallopian tubes, and removal of the appendix. She had a prolonged course of intravenous antibiotics even after being discharged. It is medically probably [sic] that if she had been admitted on 5/4/18 [sic] and treated, she would not have needed surgery and possibly could have avoided the need for prolonged antibiotics.

The Inquiry was heard on October 25, 2018, and MICP issued a letter dated November 5, 2018, advising that the proceeding had been terminated, the inquiring party could institute litigation, and noting and quoting the tolling provision in HRS § 671-18.

On January 3, 2019, Salas filed a complaint against Appellees (**Complaint**). On March 8, 2019, EMP Pali Momi, Dr. Gallagher, and PA Swensen filed a motion to dismiss the claims against them, asserting that Salas had failed to file an MICP inquiry against them, and therefore, the Circuit Court lacked subject matter jurisdiction. Salas filed an opposition, arguing, *inter alia*, that she satisfied the prerequisite requirements of HRS § 671-12(a) because, at the time she filed her inquiry with the MICP, she named other parties who were then known to her. EMP Pali Momi, Dr. Gallagher, and PA Swensen filed a reply, arguing, *inter alia*, that Salas's failure to name them as parties to the MICP proceeding was inexcusable, prejudicial, and in violation of the language and purpose of HRS § 671-12(a).

On June 7, 2019, Appellees filed a motion for summary judgment, arguing that the applicable statute of limitations had expired on Salas's claims, Salas had failed to file a claim against the Appellees with the MICP prior to filing the Complaint, and therefore, the Circuit Court lacked jurisdiction and the Complaint should be dismissed. Salas filed an opposition, again arguing that she met the requirements of HRS § 671-12(a), and that the Complaint was filed within the tolled statute of limitations. A reply memorandum was filed.

A hearing was held on July 3, 2019.[6] The Circuit Court's minutes indicate that the court found that the statute of limitations ran as of January 6, 2019, but none of the Appellees were subject to the MICP, so that as to them, the statute ran out on May 5, 2018, seven months prior to the filing of the Complaint. The FOFs & COLs were entered on August 5, 2019.

A notice of appeal was filed on September 4, 2019. After a temporary remand by this court, the Circuit Court entered the Judgment on June 9, 2020.

II.  <u>POINTS OF ERROR</u>

Salas raises two points of error on appeal, contending that the Circuit Court erred in:  (1) concluding that the statute of limitations had expired (Salas challenges COLS C-H, which addressed the statute of limitations); and (2) concluding that the court did not have jurisdiction over Salas's claims based on

---

[6]     No transcript was provided to this court.

her failure to file an MICP inquiry against the Appellees (Salas challenges COLS I and J, which addressed the HRS § 671-12(a) prerequisites to filing suit).

III. APPLICABLE STANDARDS OF REVIEW

The appellate court reviews "the circuit court's grant or denial of summary judgment *de novo*." Querubin v. Thronas, 107 Hawaiʻi 48, 56, 109 P.3d 689, 697 (2005) (citation omitted).

> Statutory interpretation is reviewed *de novo* by [the appellate] court. When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Moreover, it is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning.

Bhakta v. Cnty. of Maui, 109 Hawaiʻi 198, 208, 124 P.3d 943, 953 (2005) (citations, internal quotation marks, and original brackets omitted).

"Whether a court possesses subject matter jurisdiction is a question of law reviewable *de novo*." State v. Milne, 149 Hawaiʻi 329, 334, 489 P.3d 433, 438 (2021) (quoting Kakinami v. Kakinami, 127 Hawaiʻi 126, 136, 276 P.3d 695, 705 (2012)).

IV. DISCUSSION

A. The Statute of Limitations

Salas argues that this action is not time-barred because any statute of limitations was tolled when she submitted the Inquiry to the MICP. We hold that the record does not

support the Circuit Court's conclusion that Salas's medical-tort claims are barred by HRS § 657-7.3.

HRS § 657-7.3 bars any action for medical torts that is brought more than two years after the plaintiff discovers or should have discovered the injury. HRS § 671-12(a) requires any person "having concerns regarding the existence of a medical tort" to submit an inquiry to MICP before filing suit. HRS § 671-18 provides that the filing of an inquiry "shall toll <u>any</u> applicable statute of limitations" until sixty days after the termination of the MICP proceedings. (Emphasis added).

The Circuit Court found and concluded that the statute of limitations began to run, at the latest, on May 6, 2016. Salas does not argue that the statute accrued at a later date. It is undisputed that if the filing of the Inquiry did not toll the running of the two-year period, the January 3, 2019 Complaint was untimely. However, pursuant to HRS § 671-18, the statute of limitations remained tolled for sixty days after the November 5, 2018 MICP termination date, if the tolling provision was triggered.

The Circuit Court concluded that the tolling provision was not applicable to Salas's claims against Appellees because she did not name Appellees as parties to the MICP Inquiry. Appellees argue, and the Circuit Court essentially concluded, that HRS § 671-12(a) mandates that all parties be specifically

named in an inquiry filed with the MICP before a lawsuit can be filed against them.

It is undisputed that HRS § 671-12(a) requires the submission of *an inquiry* to the MICP, when a person has concerns regarding the existence of a medical tort, and that the inquiry must be submitted before a lawsuit can be filed based on the circumstances that are the subject of the inquiry. Although satisfaction of this requirement is jurisdictional, the Hawai‘i Supreme Court has held that the requirement is intended to be relatively simple, informal, and undemanding. Estate of Frey v. Mastroianni, 146 Hawai‘i 540, 544-45, 556, 463 P.3d 1197, 1200-01, 1213 (2020). The supreme court observed, even before the HRS chapter 671 filing requirements were softened in 2012, that they were not intended as a high hurdle:

> The MCCP—now MICP—statute requires a medical tort claimant to "submit a statement of the claim" [now just an inquiry] before a suit can be commenced on the claim. HRS § 671-12(a) (1993). The statute sets three simple requirements for these claim statements [now inquiries]: they must be submitted "in writing," they must "set forth facts upon which the claim [now inquiry] is based," and they must "include the names of all parties against whom the claim [now inquiry] is or may be made who are then known to the claimant [now person or person's representative]." Id. These requirements are informal and undemanding, and the history of the MCCP process shows that they are intentionally so.

Id. at 555, 463 P.3d at 1212 (original brackets omitted; bracketed language reflects amendments to the requirements of HRS § 671-12(a)).[7]

---

[7]     The claims at issue in Estate of Frey stemmed from alleged medical torts and a death that occurred in 2004. As the MCCP letter at issue was filed in 2006, the amendments to HRS chapter 671 codified in Act 296 of 2012
(continued...)

10

The plain language of HRS § 671-12(a) simply does not require that the person submitting the inquiry include all potential parties or potential defendants in a future law suit. On the contrary, it provides only that the names of the parties known, at the time the inquiry is filed, to the inquiry-filing person or the person's representative, must be included. HRS § 671-12(a) ("Inquiries shall be submitted to the [MICP] in writing and shall include the facts upon which the inquiry is based and the names of <u>all parties against whom the inquiry is or may be made who are then known to the person or the person's representative</u>.") (emphasis added).

Moreover, as observed by the United States District Court for the District of Hawaiʻi (**U.S. District Court**):

> The [Hawaiʻi] legislature did not intend the MICP process to be used to present actual claims, but rather to permit a person or the person's representative to seek information about medical treatment and adverse consequences from that treatment. In 2012, Hawaii Session Laws Act 296 ("Act 296") made significant changes to how the panels (then called the Medical Claims Conciliation Panel) functioned, so as to "delet[e] the decision-making function of the panels, and instead emphasiz[e] the use by panels of conciliation and mediation to resolve matters before them." [<u>Campos v. Marrhey Care Home, LLC</u>, 128 Hawaiʻi 405, 408 n.5, 289 P.3d 1041, 1044 n.5 (App. 2012)]; <u>see also</u> 2012 Haw. Sess. Laws Act 296. Act 296 provided that:
>
> > The legislature finds that many claims now filed with medical claim conciliation panels tend to function as inquiries rather than actual claims, and patients or their families tend to use these proceedings <u>to seek information</u> regarding adverse events that they associate with medical treatment. . . . The legislature further finds that provisions in the Hawaii Revised Statutes relating to medical claims conciliation should be amended to reflect that many

---

[7](...continued) were not yet in effect. <u>See</u> <u>Estate of Frey</u>, 146 Hawaiʻi at 544-45, 463 P.3d at 1200-01.

> filings, particularly by pro se parties, are inquisitive in nature and are _based on a lack of information_ rather than claims based on substantive analysis or the applicable standard of care. Proceedings with medical claim conciliation panels should be conducted in a non-adversarial way and structured to facilitate the _conveying of information_ rather than assigning blame.
>
> 2012 Haw. Sess. Laws Act 296 § 1 (emphases added). And it follows that in this non-adversarial inquiry, a person or person's representative might seek very basic information, including the names or roles of various treating physicians. A harsh rule that requires naming all potential parties in the MICP inquiry (or else running the risk of being time-barred later) runs counter to the legislature's finding that many persons or person's representatives simply seek information through the MICP based on a lack knowledge about adverse medical events. In short, it would be inconsistent with legislative intent to toll the statute of limitations to specifically named individuals but not others when a basic purpose of the MICP is "to seek information regarding adverse events [associated] with medical treatment."

Krizek v. Queens Med. Ctr., Civ. No. 18-00293, 2019 WL 3646567, *6 (D. Hawaiʻi Aug. 6, 2019) (footnote omitted).

We agree with the U.S. District Court's assessment that a rule requiring naming of _all_ potential parties in the MICP inquiry runs counter to the legislature's finding that the MICP process is a means through which a person can get information about an adverse event associated with medical treatment, including the names or roles of treating physicians.

Here, Salas named Pali Momi as the health care provider and/or health care facility in the Inquiry she filed with MICP. This is consistent with the inquisitive nature of the MICP process. She sought care for her abdominal pain at the Pali Momi Emergency Room and she was examined and diagnosed by the health care professionals that were on duty at the time. Pali Momi was clearly known to her and naming Pali Momi was a rational way to

12

initiate an informal inquiry into whether she received less than the applicable standard of care. The Circuit Court did not find that Appellees were known to Salas at the time the Inquiry was filed.

We recognize that failing to name Appellees as parties in the MICP process may have undercut the possibility of a global conciliation and mediation, which is a further goal of the MICP process. However, we reject a reading of the statute that would so harshly penalize an inquiring person by, in effect, foreclosing them from seeking relief against a health care provider not known to them at the time an inquiry is filed. While the statute permits a health-care-provider party named in an MICP inquiry to seek a more definite statement of the inquiry (see HRS §671-12(c) (2016)),[8] there is no statutory requirement to name additional parties or to otherwise amend an inquiry as such information comes to light during the course of the MICP proceedings.

Finally, HRS § 671-18 provides that the filing of an MICP inquiry "shall toll any applicable statute of limitations." (Emphasis added). HRS § 671-18 does not limit the application of

---

[8]     HRS § 671-12(c) provides, in part:

> (c)  If the statement of the inquiry in the notice is so vague or ambiguous that any party receiving notice of the inquiry cannot reasonably be required to frame a written response, the party may submit a written request to the director of commerce and consumer affairs for a more definite statement before filing the written response.

the tolling period to claims against the specific persons or entities named in the HRS § 671-12(a) inquiry.

For these reasons, we conclude that the Circuit Court erred when it ruled that the tolling provision in HRS § 671-18 is not applicable to Salas's claims against Appellees because she did not file an MICP inquiry against them and that Salas's claims against Appellees are therefore time-barred by the applicable statute of limitations.

B.    The MICP Inquiry Requirement

Salas also challenges the Circuit Court's conclusion that, because she failed to file an MICP inquiry against the Appellees themselves, the Circuit Court lacked subject matter jurisdiction over Salas's claims against Appellees notwithstanding her submission of the Inquiry, which did not identify any of the Appellees.

In addition to the simple and informal requirements set forth in HRS § 671-12(a), HRS § 671-16 (2016) states that "[t]he party initiating the inquiry may institute litigation based upon the circumstances of the inquiry in an appropriate court only after [MICP] proceedings were terminated[.]"  As noted above, the HRS chapter 671 prerequisites to litigation are jurisdictional. However, as discussed above, the Circuit Court did not find that Appellees were known to Salas at the time the Inquiry was filed or otherwise find that Salas failed to satisfy the informal and undemanding requirements of HRS § 671-12(a).  Therefore, the

14

Circuit Court erred when it concluded that it lacked subject matter jurisdiction due to Salas's failure to file an MICP inquiry specifically naming the Appellees.

V.    CONCLUSION

For these reasons, the Circuit Court's June 9, 2020 Judgment is vacated, and this case is remanded for further proceedings.

| On the briefs: | /s/ Katherine G. Leonard<br>Presiding Judge |
|---|---|
| Pablo P. Quiban,<br>for Plaintiff-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Thomas E. Cook,<br>Bradford F.K. Bliss,<br>Malia E. Schreck,<br>(Lyons Brandt Cook & Hiramatsu),<br>for Defendants-Appellees. | /s/ Sonja M.P. McCullen<br>Associate Judge |